# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

IN RE:

| | |
|---|---|
| Veronica Wright, | Bankruptcy Case No. 18-55867-mlo |
| | Hon. Maria L. Oxholm |
| Debtor. | Chapter 7 |
| _____/ | |

## RESPONSE IN OPPOSITION TO TRUSTEE'S OBJECTION
## TO DEBTOR'S CLAIM OF EXEMPTIONS

The Debtor, Veronica Wright, by and through her attorneys, Jaafar Law Group, PLLC, hereby states for her Response in Opposition to Trustee's Objection to Debtor's Claim of Exemptions as follows:

### JURISDICTION

1. Admitted.
2. Admitted.

### FACTS

3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.

### ARGUMENT

8. Admitted.
9. Denied.
10. Denied.

1

11. Denied.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court overrule the Trustee's objection to exemptions, and grant the Debtor such other and further relief as this Court deems just and proper.

Respectfully submitted,

JAAFAR LAW GROUP, PLLC

Date: February 14, 2019

/s/ Terrance A. Hiller
Terrance A. Hiller (P55699)
Attorney for Debtor
1 Parklane Blvd., Ste 729 E
Dearborn, MI 48126
888-324-7629
thiller@fairmaxlaw.com

**EXHIBIT 1**

**BRIEF IN SUPPORT OF RESPONSE**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

**IN RE:**

| | |
|---|---|
| Veronica Wright, | Bankruptcy Case No. 18-55867-mlo |
| | Hon. Maria L. Oxholm |
| Debtor. | Chapter 7 |
_____/

**BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS**

    The Debtor, Veronica Wright, by and through her attorneys, Jaafar Law Group, PLLC, hereby states for her Brief in Support of Response in Opposition to Trustee's Objection to Debtor's Claim of Exemptions as follows:

## FACTS AND ARUGMENTS

    The Trustee objected to the Debtor's claim of exemptions in certain funds contained in her bank accounts pursuant to MCL § 600.5451(1)(b). This exemption provision is authorized under Michigan law for "…[p]rovisions and fuel for comfortable subsistence of each householder and his or her family for 6 months". *Id.* In the Trustee's objection, he sets forth no legitimate reason why the clause should not extend to the funds in question. It does seem that the Trustee relies on the plain meaning of "provisions and fuel" to determine that the funds in question are not within this meaning. So, without some statutory exception or caselaw pointed to, this seems an issue of statutory interpretation. In regard to this issue, we look to *United States*, Petitioner v. *Ron Pair Enterprises, Inc*., 489 U.S. 235 (109 S.Ct. 1026, 103 L.Ed.2d 290). The Supreme court was looking at a trustee's objection to a debtor's exemption. In this case, a section of statute was in question, and the court stated that "The plain meaning of legislation should be conclusive,

1

except in the "rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." Id. The intent of statutes is generally discernible from the legislative history of the bill.

The legislative history comes from H.B. 5763, introduced in 2004, however the history is scant. But, in *In Re: Robert D. Sassak*, 09-13806, the Sixth Circuit Court read the legislative history of H.B. 5763 of 2004 to, "to modernize, not limit, the exemptions available to debtor in bankruptcy". In the case before this court, the funds in question are funds held in a bank account. The funds in the account are those the debtor earns from her job to purchase the necessities of life, since the bank account holds funds that are necessary for these provisions and fuel, it is a wholly reasonable interpretation that the account and its funds are "necessary provisions and fuel". Most people don't hold months provisions and fuel on hand, they rely on their funds to purchase these necessities, and it seems this view is in line with the legislative intent.

Further, Judge McIvor of this Court has held that MCL § 600.5451(1)(b) does indeed apply to funds in a bank account. *In re Barlow*, Case No. 17-48802-mbm (2017, E.D. Mich, Docket # 17). The monthly amounts listed in Debtor's schedules for food and fuel are $350, and $200, respectively, for a total amount of $550.00. The amounts in her bank accounts at the time of filing are listed as $391, and $100, respectively, for a total amount of $491.00. Consequently, the funds in the bank accounts at the time of filing are not even enough to cover Debtor's monthly expenses of $350 for food, and $200 for fuel. Therefore, the amounts should be exempt under MCL § 600.5451(1)(b).

2

18-55867-mlo    Doc 18    Filed 02/14/19    Entered 02/14/19 15:38:12    Page 5 of 6

## CONCLUSION

The Trustee's objections to Debtor's claim of exemptions should be denied, since the Trustee does not specifically state a valid objection of the Debtor's properly claimed exemptions in funds in her bank accounts. As stated above, MCL § 600.5451(1)(b) is a valid claim of exemption for funds in a bank account to purchase "provisions and fuel for comfortable subsistence of each householder and his or her family for 6 months." The amounts in question are well within the limitations of such statute, since the Debtor's expenses for food and fuel for one month is $550.00, and there is only $491.00 in her bank accounts as of the petition date. The Michigan legislature attempted to modernize and not limit a debtor's exemptions in bankruptcy, so the interpretation held by Judge McIvor in the *Barlow* case, *supra*, should be followed for consistency within the Court.

Respectfully submitted,

JAAFAR LAW GROUP, PLLC

Date: February 14, 2019

/s/ Terrance A. Hiller
Terrance A. Hiller (P55699)
Attorney for Debtor
1 Parklane Blvd., Ste 729 E
Dearborn, MI 48126
888-324-7629
thiller@fairmaxlaw.com