UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:      In Bankruptcy:

**VERONICA WRIGHT**      Case No. 18-55867-mlo
     Chapter 7
        Debtor      Hon. Maria L. Oxholm

---

### TRUSTEE'S MOTION FOR
### TURNOVER OF REAL PROPERTY OF THE ESTATE

Trustee Timothy J. Miller, by and through his counsel, Clayson, Schneider & Miller P.C. states as follows:

### JURISDICTION

1. Pursuant to 28 U.S.C. § 157 and Fed. R. Bankr. P. 7001, the Bankruptcy Court has jurisdiction over turnover actions.

2. A turnover action is a "core proceeding" under 28 U.S.C. § 157(b)(2)(E).

### FACTS

3. Debtor Veronica Wright ("Debtor") filed a voluntary petition for Chapter 7 bankruptcy on November 27, 2018 (the "Petition Date").

4. Timothy J. Miller ("Trustee") is the duly appointed, acting Chapter 7 Trustee in this case.

5. Debtor's primary residence is located at 17201 Huntington Rd., Detroit, MI 48219 ("the Property").

6. Debtor valued the Property at $38,500.00 in her bankruptcy schedules.

7. The Property is owned free and clear.

8. Trustee's realtor believes the Property would sell for approximately $65,000.00.

9. On February 27, 2019, Trustee informed Debtor of the aforementioned valuation with the hope of resolving the matter, and avoiding the listing of the Debtor's house. At this point, Debtor promised to provide a formal appraisal.

10. On March 26, 2019, Trustee sent an email to Debtor asking for the appraisal, but no response was provided.

11. On April 3, 2019, Trustee sent Debtor another email stating that the Property was going to be listed for sale, and requesting that the Debtor agree to the listing. Again, no response was provided, and the Trustee obtained an order authorizing the listing of the Property. Docket No. 29.

12. On April 9, 2019, Trustee's realtor informed the Trustee that the Debtor will not cooperate with the listing, and that she will not agree to the sale.

13. Trustee has sought concurrence to the relief sought in this Motion from the Debtor, in accordance with L.B.R. 9014-1(h).

## ARGUMENT

14. Under 11 U.S.C. § 521(a)(3), "the Debtor shall…cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title".

15. Under 11 U.S.C. § 521(a)(4), "the Debtor shall…surrender to the trustee all property of the estate…".

16. Under 11 U.S.C. § 542(a), "…an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for such property or the value of such property…".

17. The Trustee has given the Debtor every opportunity to address this matter without needing to list the Property for sale. If the Debtor was in communication with the Trustee, the nonexempt equity in the Property could be properly addressed. The Trustee does not desire to displace the Debtor from her Property, but there is no alternative if the Debtor is not responsive and cooperative.

18. The Debtor is in violation of her duties under 11 U.S.C. § 521.

19. Under 11 U.S.C. § 542(a), the Trustee is entitled to an order compelling turnover.

**WHEREFORE**, the Trustee prays for the Court to enter an order directing the Debtor to turn over the Property as set forth in the attached Order.

[*continued on next page*]

Respectfully submitted,

                                **CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: April 23, 2019           */s/ Peter F. Schneider*
                                Peter F. Schneider (P75256)
                                Attorneys for Trustee
                                645 Griswold St., Suite 3900
                                Detroit, MI 48226
                                (313)237-0850 ext. 4
                                pete@detlegal.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:  In Bankruptcy:

**VERONICA WRIGHT**  Case No. 18-55867-mlo
 Chapter 7
  Debtor  Hon. Maria L. Oxholm

## *PROPOSED* ORDER DIRECTING
## DEBTOR TO TURN OVER POSSESSION OF REAL PROPERTY
## LOCATED AT 17201 HUNTINGTON RD., DETROIT MI 48219

The Trustee, Timothy J. Miller, having filed a Motion for Turnover of possession of Real Property Located at 17201 Huntington Rd., Detroit, MI 48219 (the "Property"), notice of the Motion having been served on the Debtor, Debtor's counsel of record, and all other occupants of the Property, and no response or hearing requests having been timely filed nor served,

**IT IS HEREBY ORDERED** that:

1. The Trustee in bankruptcy, Timothy J. Miller ("Trustee"), is entitled to possession of the Property;

2. On or before 30 days following entry of this Order, the Debtor Veronica Wright and all other occupants shall vacate the Property and deliver to Trustee full and unfettered possession of the Property;

3. The Debtor has no possessory interest or claims of possessory interest in or to the Property;

4. At the time that the Debtor tenders to Trustee possession of the Property, the Property shall be in broom clean condition, and all personal property shall be removed from the Property (personal property does not include plumbing and plumbing fixtures, lighting and light fixtures, heating and cooling fixtures and equipment, security systems, ceiling fans, electrical fixtures, dishwasher, refrigerator and other built-in appliances and other items deemed to be fixtures);

5. Delivery of possession of the Property shall be deemed complete when the Debtor delivers or causes to be delivered to the Trustee's real estate agent, Cheryl Davis, all access keys and alarm codes;

6. In the event that Debtor fails to comply with the above within thirty (30) days following entry of this Order, then the United States Marshal Service shall effectuate immediate eviction of the Debtor Veronica Wright and any other person at the Property for the purpose of securing possession for the Trustee;

7. In the event that the Debtor does not surrender the Property to the Trustee within thirty (30) days following entry of this Order, then this Order shall be a judgment of possession and an order for immediate eviction. In that event, Trustee may file this Order in a manner consistent with the Michigan Compiled Laws – Michigan Uniform Enforcement of Foreign Judgments Act (being

hereafter identified as the "MUEFJA") in such State of Michigan Court which may be determined to be of proper jurisdiction and venue. In that event the clerk of court may treat this Order as a "foreign judgment" as that term is defined in the MUEFJA and this Order shall have the same effect, and shall be subject to the same procedures, defenses and proceedings for reopening, vacating or staying as if this Order had been entered as a judgment of immediate possession and order of immediate eviction by the State of Michigan Court;

8. In addition, once this Order is filed in a manner consistent with the MUEFJA with the office of the clerk of an appropriate State of Michigan Court, then the Wayne County Sheriff, or any State of Michigan Court Officer or State of Michigan Bailiff authorized to act upon eviction orders may upon request of the Trustee effectuate immediate eviction of the Debtor Veronica Wright and any other person at the Property, and all personal property located at the Property for the purpose of securing possession for the Trustee;

9. Any personal property remaining at the Property following expiration of thirty (30) days from entry of this Order may be disposed of in any manner deemed fit by the Trustee. In the event that any such items are sold, then the sale of any or all items shall inure exclusively to the benefit of the bankruptcy estate; and

10. If Debtor shall fail to surrender the Property within thirty (30) days following entry of this Order, then the Debtor shall be liable for any and all costs of eviction and disposal of personal property; the stipulation of the parties for this order, and this order, has no affect upon any rights with respect to violation of prior court order(s).

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:                      In Bankruptcy:

**VERONICA WRIGHT**              Case No. 18-55867-mlo
                                                   Chapter 7
         Debtor                         Hon. Maria L. Oxholm

---

## NOTICE RE:
## TRUSTEE'S MOTION FOR ENTRY OF ORDER DIRECTING
## DEBTOR TO TURN OVER POSSESSION OF REAL PROPERTY

Timothy J. Miller, Trustee, has filed papers with the Court entitled Trustee's Motion for Turnover of Property of the Debtor's estate. The Motion is on file with the Court where it may be viewed for further information.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.)**

If you do not want the Court to enter the Order sought by the Trustee, or if you want the Court to consider your views on the Trustee's Motion, **<u>within fourteen (14) days</u>**, you or your attorney must:

1.     File with the Court a written response or an answer[1] explaining your position at:

                     United States Bankruptcy Court
                     211 West Fort Street, Suite 1700
                     Detroit, MI 48226

---

[1] Response or answer must comply with <u>Fed. R. Civ. P. 8(b), (c) and (e).</u>

If you mail your request to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail a copy to:

>Peter F. Schneider  Office of the U.S. Trustee
>645 Griswold, Suite 3900  211 W. Fort Street, Suite 700
>Detroit, Michigan 48226  Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

>Respectfully submitted,
>
>**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: April 23, 2019   */s/ Peter F. Schneider*
Peter F. Schneider (P75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313)237-0850 ext. 4
pete@detlegal.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:　　　　　　　　　　　　In Bankruptcy:

**VERONICA WRIGHT**　　　　　　　　　Case No. 18-55867-mlo
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor　　　　　　　　　　　　　　Hon. Maria L. Oxholm

---

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 23, 2019</u> I (or an employee of Clayson, Schneider & Miller, P.C.), served the following paper(s):

| Motion for Turnover of Real Property; Notice of Motion; and Certificate of Service. |
|---|

on the <u>following parties</u> located at these addresses:

| United States Trustee<br>211 West Fort Street<br>Suite 700<br>Detroit, MI 48226 | **Debtor:**<br>Veronica Wright<br>17201 Huntington Rd.<br>Detroit, MI 48219 | **Debtor's Attorney:**<br>Terrance A. Hiller, Jr., Esq.<br>1 Parklane Blvd.<br>Suite 729 E<br>Dearborn, MI 48126 |
|---|---|---|

by filing the paper(s) with the Clerk of the Court using the Electronic Case Files system which will send <u>electronic notification</u> of such filing to the above referenced party(ies) or their attorney(s), as well as any additional parties that requested electronic service of documents filed in this case; and

that the foregoing documents were sent via first-class mail to the Debtor and all other occupants of 17201 Huntington Rd., Detroit, MI at that address.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: April 23, 2019  /s/ *Peter F. Schneider*
Peter F. Schneider (P75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313)237-0850 ext. 4
pete@detlegal.com